CONFIDENTIAL



**PAUL LANTEIGNE
SHERIFF**

# POLICY & PROCEDURE GENERAL ORDER

| SUBJECT: USE OF FORCE | | # 11-01-00 |
|---|---|---|
| EFFECTIVE DATE 01-01-90 | REVISION DATE 03-23-09 | PAGE 1 OF 7 |

VALEAC ADM.05.01 a-d, ADM.05.02 c & ADM.05.03
MS - 6VAC15-40-970

## Purpose:

To ensure each sworn member's understanding of and compliance with the Sheriff's provisions for the use of force in accomplishing its enforcement objectives.

## Definitions

A.  **Deadly force**

1.  The firing of a firearm, even though no intent exists to kill or inflict bodily harm.

2.  Any force applied in any manner by any means that could reasonably be expected to cause death or serious physical injury.

    a.  "Serious physical injury" means bodily injury which creates a substantial risk of death or which is likely to cause serious permanent disfigurement or loss, or extended impairment of the function of any body organ or limb.

B.  **Non-deadly force**

Force employed which is neither likely nor intended to cause death or serious physical injury.

C.  **Firearms**

Any weapon from which a projectile is forcibly ejected by an explosive.

D.  **Reasonable belief**

When facts or circumstances the deputy knows, or should know, are such as to cause an ordinary and prudent person to act or think reasonably in a similar way under similar circumstances.

E.  **Serious physical injury**

CONFIDENTIAL

STOLLE 1343

CONFIDENTIAL

A bodily injury which creates a substantial risk of death or which is likely to cause serious, permanent, disfigurement, or extended impairment of the function of any body organ or limb.

F.   Unnecessary Use of Force

Use of force where no physical force or contact is required or otherwise permitted by Sheriff's Office Policies.

G.   Excessive force

Force is excessive when its application is inappropriate to the circumstances, resulting in physical injury or death to a suspect.  In determining whether force has been excessively applied, the primary concern is whether the on-scene deputy reasonably believes that its application was necessary and appropriate.  Based on the reasonableness standard, excessive force may be determined based on:

1.   The severity of the crime.

2.   The nature and extent of the threat posed by the suspect.

3.   The degree to which the suspect resists arrest or detention.

4.   Any attempts by the suspect to evade arrest by flight or fight.

In evaluating the reasonable application of force, deputies must consider their own age, size, strength, skill level with department weapons, state of health, and the number of deputies opposing the number of suspects.

**Policy:**

Deputies shall use only the force necessary to effect lawful objectives of the Sheriff's Office (ADM.05.01 a).

The use of force by law enforcement personnel to accomplish their lawful objectives is the primary element of the profession that distinguishes it from other agencies of government.  The propriety and extent of its use directly reflects the standing of the agency within its own community.  While the individual circumstances may dictate the use of force to complete a task, the success of the task will most probably be measured by the appropriateness of the amount of force used.  The application of force includes a wide range of alternatives, some requiring the use of either lethal or non-lethal weapons.  To this end, the Sheriff's Office issues deadly and non-deadly weapons which may be used by the individual deputy if the occasion arises.  No weapon or ammunition, either deadly or non-deadly, not issued by the Office or approved by the Sheriff

11-01-00

CONFIDENTIAL

STOLLE 1344

CONFIDENTIAL

or his designee is authorized. The use of unapproved, non-issued weapons or ammunition, either deadly or non-deadly, shall cause the initiation of a professional standards investigation and possible disciplinary action. Further, no weapons shall be issued for field use until the recipient has demonstrated an acceptable level of proficiency in its use as established by the Training Unit.

The use of deadly force may be applied when a deputy reasonably believes that he or another person is in imminent danger of death or serious physical injury (ADM.05.01 c). An example would include, but is not limited to, serious physical injury, serious permanent disfigurement, or long term loss or impairment of the function of any body member or organ.

Deputies are confronted daily with situations requiring the use of force to effect an arrest or ensure public safety, or to carry out correctional objectives as defined by the Department of Corrections. The degree of force used depends on what the deputy perceives as reasonable and necessary under the circumstances at the time he or she decides to use force. Except for deadly force, the application of any degree of force is justified only when the deputy reasonably believes that it is necessary:

A.  To prevent the escape from custody, make an arrest or an investigative detention of a person the deputy believes has committed a crime.

B.  To defend himself or herself or another from what the deputy believes is the use of force while trying to arrest another, prevent the suspect's escape, or otherwise lawfully take the person into custody.

C.  To carry out the mission of the Sheriffs Office as it relates to the custody and control of inmates housed in the correctional center.

With regard to a fleeing felon, deadly force may be used only where the deputy has reasonable belief that the suspect poses a threat of serious physical harm, either to the deputy or to others, and the use of such force is necessary to prevent escape (ADM.05.01 d). If feasible, some verbal warning must be given. Mere commission of a crime against property without the existence of the aforementioned elements is not sufficient grounds for the use of deadly force. A fleeing felon is one who attempts to evade apprehension, and who poses a life endangering threat by his overt actions toward the pursuing deputy(s) or the general public.

The department expects deputies to observe the following two guidelines in all applications of force:

Employ the minimum force reasonably necessary to accomplish a legal purpose.

Deputies may resort to a higher level of force to overcome either increasing resistance or an increasingly dangerous threat to public safety.

11-01-00

3

CONFIDENTIAL

The escalation in the use of force typically follows a pattern: officer (deputy) presence, verbal commands, weaponless control techniques (defensive tactics), intermediate weapon system (chemical weapons), and finally deadly force. **(ADM.05.01 b)** The use of weaponless control techniques and intermediate weapons are dependant on the situation.

Deputies must understand how to recognize increasing or decreasing levels of threat and respond appropriately.

When applying deadly force, the deputy's objective shall be to stop or incapacitate the suspect. The objective of the use of any force is to overcome the suspect's resistance to a deputy's lawful Purpose; deputies shall avoid unreasonable applications of force.

Deputies shall not unreasonably or unnecessarily endanger themselves or the public when applying this policy.


## NON-DEADLY FORCE

The department trains deputies in the use-of-force continuum which emphasizes the recognition of and response to increasing levels of threat **(ADM.05.01 b)**. Deputies shall receive training in the Use of Force every calendar year **(ADM.05.02. c)**. Most instances in which force is applied are non-deadly. Deputies shall assess the incident to determine which technique will best bring the situation under control. **Following the application of any method of force, once the situation is contained, deputies shall provide or arrange to provide medical help as necessary.** The following discussion reinforces key principles from training.

A. <u>Verbal Commands</u>

Verbal control refers to the manner in which the deputy speaks to a person, which alone can manage a situation. Verbal control includes advice, persuasion, admonitions, or orders. The volume and tone of the deputy's speech may also contribute to control without having to resort to another method of force. The department urges the use of verbal commands without the use of profanity or disrespectful or argumentative behavior.

B. <u>Compliance techniques/Defensive Tactics</u>

At times, uncooperative people who refuse to be taken into custody may only respond to a combination of strength, leverage, take-downs, control holds, or come-a-longs with sufficient force to make the lawful arrest without aggravating a suspect's combativeness. The object of this level of force is to gain control and enforce the suspect's compliance while minimizing the risk of injury to deputies,

CONFIDENTIAL                                                                STOLLE 1346

CONFIDENTIAL

bystanders, or the person being placed in custody. Where lesser levels of force appear ineffective, deputies may employ hands, fists, feet, knees, and so on in striking an adversary, according to methods sanctioned through training.

C.   Intermediate Weapon System

    1.   Chemical agents - Refer to SOP 11-04-00 Use of Chemical Agent Dispensers.

## DEADLY FORCE

A.   Firearms - Refer to SOP 11-02-00 Firearms Policy.

## REPORTING USE OF FORCE

Whenever a deputy takes an action that results, or is alleged to have resulted, in the injury or death of another person and/or whenever he/she applies force with or without the use of lethal or non-lethal weapons, the deputy shall submit a written report in the most expeditious manner as directed by the Watch Commander or designee. (ADM.05.03 a).

A.   The Deputy shall document any application of force except for those arising in training or departmental demonstrations. (ADM.05.03 a)

    1.   Any additional personnel involved in a use of force incident will submit a written memorandum indicating their involvement including justification of their use of force.

B.   If deputies have employed chemical weapons or any higher degree of force, they shall:

    1.   Immediately notify the on-duty supervisor of any use of physical force.

    2.   Render medical aid if needed and it is safe to do so.

    3.   Submit a departmental incident report to the deputy's chain-of-command describing the incident and any medical aid rendered, and shall substantiate the force used. The departmental incident report shall be in addition to any other reports.

11-01-00

5

CONFIDENTIAL                                                                                                    STOLLE 1347

CONFIDENTIAL

## Re-Assignment  (ADM.05.03 b)

Pending administrative review, any deputy who has taken the life of or seriously injured another person shall be removed from line-duty assignment.  This action protects both the deputy's and the community's interest until the situation is resolved.

## Review :  (ADM.05.03 b)

1.   The sheriff, or his designee(s), shall review all reported incidents of use of force to determine whether:

 a.   Departmental orders were violated.

 b.   Relevant departmental policy was clearly understandable and effective to cover the situation.

 c.   Departmental training was adequate.

2.   The sheriff or his designee(s) may convene a board of inquiry to examine an incident in which force was applied.

 a.   The board of inquiry will ascertain training and policy needs.

Paul Lanteigne
Sheriff

11-01-00

6

CONFIDENTIAL                                                                                    STOLLE 1348