mhs 11.8.12

# VIRGINIA BEACH SHERIFF'S OFFICE
# INCIDENT REPORT FORM

Page: 1 of 1
Attachments: None

**Incident Report # 12-11-025**

| Inmate Name: (First, Last, Middle) Goodman, David Graham | Race/Sex W/M | Inmate I.D. # 12-032844 | Incident Location: Intake Cell C007A |
|---|---|---|---|
| Today's Date: November 7, 2012 | Incident Date & Time: November 7, 2012 @1617 | | Submitted By: (Include J-Code) Deputy C. Hayes 09-030 |
| Incident Codes: (check one) <br> ☐-Arrest <br> ☐-Citizen Assistance <br> ☐-Contraband Found <br> ☐-Death <br> ☐-Destruction of Property <br> ☐-Employee Injury | ☐-Escape <br> ☐-Fire <br> ☐-Firearm Discharge <br> ☐-Food Service <br> ☐-Inmate on Deputy Assault <br> ☐-Inmate on Inmate Assault | | ☐-Medical <br> ☐-Other (use explanation section) <br> ☐-Police Assistance <br> ☐-Restraint Device Used <br> ☐-Sexual Assault <br> ☐-Suicide Attempt <br> ☒-Use of Force* |

Explanation: At approximately 1617, I asked inmate Goodman, David to get up from the bench and have seat in a wheelchair because I was taking him up to the floors. He complied and sat in the wheelchair. He then asked me "where the fuck am I going?" I told him B2C. Inmate Goodman asked if that was a medical block and I told him yes. Inmate Goodman then said "I better not be going on the fucking floor." I then explained to him that his bunk assignment was on the floor. He then got out of the wheelchair and sat back on the bench. I instructed inmate Goodman to get back in the wheelchair. He said "fuck you punk, I'll beat your fucking ass." I then took hold of his left arm near his arm pit and stood him up. As we walked towards the cell he dropped all of his weight to the floor. I told inmate Goodman to get up and go in the cell. He told me "fuck you punk, I'm not doing it." I then dragged him into the cell since he would not to get up. Once I got him in the cell he kept putting his foot in front of the cell door and telling me to go ahead and slam his foot in the door. I then moved his foot back away from the cell door and closed it. Sgt. T. Parris was notified of the incident. DVR 313, camera 12, 13, and 14 were reviewed. Inmate Goodman was seen by Nurse S. Smith and cleared to go to the B2C.

| POLICE DEPT. NOTIFIED ☐Yes ☒No | POLICE REPORT # N/A |
|---|---|
| Investigation Requested: ☐Yes ☒No | Investigator Assigned: N/A |
| DOC Notification is Required for Death, Escape and Discharge of Firearm. Notification made: ☐Yes ☒No ||

Action Taken: No further action required.

*Use of Force incidents must include any weapon used, any area of injury specified, and any medical treatment offered within the narrative. Statements of additional staff members involved should be attached in memorandum format.

Revised 03-23-09

## VIRGINIA BEACH SHERIFF'S OFFICE
## INCIDENT REPORT FORM

Page 1 of 4
Attachments: UOF Memo x1
DF-75, DF-159

**Incident Report# 12-11-026**

| Inmate Name: (Last, First, Middle) Goodman, David Graham | Race/Sex W/M | Inmate I.D. # 12-032844 | Incident Location: Intake Cell C007A |
|---|---|---|---|
| Today's Date: November 7, 2012 | Incident Date & Time: November 7, 2012 @ 1900 | | Submitted By: (Include J-Code) Deputy C. Repass 07-045 CR |
| Incident Codes: (check one)<br>☐-Arrest<br>☐-Citizen Assistance<br>☐-Contraband Found<br>☐-Death<br>☐-Destruction of Property<br>☐-Employee Injury | ☐-Escape<br>☐-Fire<br>☐-Firearm Discharge<br>☐-Food Service<br>☐-Inmate on Deputy Assault<br>☐-Inmate on Inmate Assault | | ☐-Medical<br>☐-Other (use explanation section)<br>☐-Police Assistance<br>☐-Restraint Device Used<br>☐-Sexual Assault<br>☐-Suicide Attempt<br>☒-Use of Force* |

Explanation: I instructed Inmate David Goodman to stand up and exit the cell. He refused, stating he could not walk. I asked Cpl. T. Moissett to get a wheelchair. Goodman became agitated and began yelling. Goodman stated that if he saw the Deputy from the other team on the street he would "blow his brains out." I instructed Goodman numerous times to step out of the cell and sit in the wheelchair. He refused my verbal commands. Cpl. T.C. Moissett, Deputy Z. Diggs and I entered the cell and assisted Goodman to his feet. Cpl. Moissett placed Goodman in the wheelchair and pushed him out of intake and down the hall toward B1. While in the hallway, Goodman purposely threw his body out of the wheelchair. I instructed Goodman numerous times to stand up, he refused my verbal commands. Deputy Diggs took a hold of Goodman's left arm. I took a hold of his right arm and we began pulling him down the hallway. Goodman became aggressive by attempting to pull his arm out of Deputy Diggs control. Deputy Diggs and I rolled Goodman onto his stomach. I accessed a pressure point behind Goodman's right ear to keep him on the ground. I instructed Goodman to stop resisting, follow directions, and to calm down. Cpl Moissett placed handcuffs on Goodman. Deputy Diggs maintained control of Goodman's left arm. I took a hold of the handcuffs and pulled up towards the ceiling to assist Goodman to his feet. I maintained control of Goodman's right arm. Deputy Diggs and I escorted Goodman to B1. Every doorway we went through Goodman attempted to hit his head on the door frame. Deputy Diggs and I placed Goodman against the wall outside of door B175 so Deputy A. Duncan could open the door. Goodman banged his head against the wall. We escorted Goodman to cell B118-E. I instructed Goodman to kneel down and lay on his stomach. Deputy Diggs and I assisted Goodman to the floor. As Deputy Diggs pulled his hand away, his right arm was scratched by the handcuffs. Deputy Diggs gave Goodman verbal commands while I removed the handcuff. Goodman complied with all verbal commands once in the cell. All Deputies exited the cell without further incident. Deputy Duncan asked Goodman if he needed medical attention. Goodman stated that he did want medical attention. Nurse C. Hoyels saw Goodman and cleared him. Sgt. M. Keogh and Sgt. W. Roland were notified of the incident.

| POLICE DEPT. NOTIFIED ☐Yes ☒No | POLICE REPORT#: N/A |
|---|---|
| Investigation Requested: ☐Yes ☒No | Investigator Assigned: N/A |
| DOC Notification is Required for Death, Escape and Discharge of Firearm. Notification made: ☐Yes ☒No | |

Action Taken: DF-75 paperwork submitted. DVR 311 camera's 11 &13 were reviewed by all parties involved and are consistent with this report.
By (Med., Class. ,W/C, CO Corr.., Chief Deputy, Sheriff, Other)     Capt. S.D. Harris

*Use of Force incidents must include any weapon used, any area of injury specified, and any medical treatment offered within the narrative. Statements of additional staff members involved should be attached in memorandum format.

 # Memorandum 

**To:** Sergeant W. Roland

**From:** Deputy Z. Diggs

**Subject:** 12-11-026 UOF on David Goodman 12-032844

**Date:** November 7, 2012

    Inmate David Goodman purposely fell out of his wheel chair while being escorted to his housing assignment. When Goodman refused to follow orders, I assisted in pulling Goodman down the hall towards his housing assignment. As I attempted to get a better hold of his left arm, Goodman tensed up his arm and pulled it away from me. I then took control of his left arm again. I gave him verbal instructions to lie on his stomach. I controlled Goodman's left arm until Cpl. T. Moissett was able to place him in handcuffs. I then assisted in standing up and escorting Goodman to his housing assignment. Once we arrived at his housing assignment, I assisted in placing Goodman on the ground. At that moment, my right forearm was significantly scratched by the handcuffs. I then placed my knee in the T-3 area of his back in order to maintain control of him. I gave verbal commands to Goodman to place his hands under his stomach when the handcuffs were removed. I then exited the cell with no further incident.