UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| DAVID GRAHAM GOODMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 1:13cv540 |
| v. | : | |
| | : | |
| KENNETH W. STOLLE, et al., | : | |
| | : | |
| Defendants. | : | |

### SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37(e)

Pursuant to this Court's November 19, 2021, Order (Doc. No. 162), Defendants Curtis Hayes, Todd Moissett, Crystal Repass, and Zachary Diggs ("Defendants"), by counsel, hereby submit this Supplemental Brief in Opposition to Plaintiff's Motion for Sanctions Pursuant to Rule 37(e). Plaintiff has failed to prove by clear and convincing evidence that the Virginia Beach Sheriff's Office ("VBSO") should have reasonably anticipated litigation before the videos at issue were automatically overwritten. But even if this Court finds VBSO spoliated the videos and imputes the spoliation to Defendants, the unduly harsh sanctions of monetary sanctions and an adverse inference instruction are overly punitive to Defendants who did not personally commit the alleged spoliation.

### ARGUMENT

Plaintiff must prove spoliation by clear and convincing evidence to obtain the harsh sanctions that Plaintiff seeks. *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, 327 F.R.D. 96, 104 (E.D. Va. 2018) ("[T]he general approach of courts in the Fourth Circuit has been to apply the clear and convincing evidence standard, especially where a relatively harsh sanctions like an adverse

inference is sought."); *see* Doc. No 141 at 20-22. As fully explained below, Plaintiff has failed to meet his high burden.

In the context of spoliation, central to whether a party has a duty to preserve is whether that party "should have reasonably anticipated litigation." *Steves & Sons, Inc.*, 327 F.R.D. at 105. But "[t]he mere existence of a dispute does not necessarily mean that the parties should reasonably anticipate litigation." *Id.* (quoting *Goodman v. Praxair Servs.*, 632 F. Supp. 2d 494, 510 (D. Md. 2009)). In the absence "of a demand letter, request for evidence preservation, a threat of litigation, or a decision to pursue a claim," whether a party should reasonably anticipate litigation is "highly case specific and fact dependent." *Id.* (citing and quoting *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 512 (S.D.W. Va. 2014)).

Here, VBSO first became aware of Plaintiff's request to preserve the videos and desire to litigate when VBSO first reviewed the medical records after the lawsuit was filed. Without knowledge of such a request, the inquiry is fact specific and the use of some force did not render litigation foreseeable.

**A. Plaintiff's Request to See a Video of the Alleged Incident Was Directed to a Nurse, an Employee of a Third-Party Contractor, and the VBSO First Became Aware of Plaintiff's Request Eight Months Later, in August 2013, After They Were Served with the Plaintiff's Complaint.**

Plaintiff primarily relies on the following two facts in arguing that VBSO became aware of Plaintiff's complaint against Defendants and request for videos on the date of the incident, November 7, 2012: (1) Plaintiff's complaint and request was in Nurse Hoyles' medical notes and (2) a VBSO sergeant was *allegedly* in the room when Plaintiff made the complaint and request. Doc. No. 163 at 2-3. These two facts fall far short of Plaintiff's burden to prove VBSO's alleged awareness of possible litigation. Nurse Hoyles is a third-party independent contractor and not a

VBSO employee. VBSO reviewed Plaintiff's separately maintained and HIPAA protected medical records *for the first time* after the lawsuit was filed. Additionally, there is no evidence the sergeant was in the room or heard Plaintiff's complaint and request for videos.

First, there is no employment relationship between Nurse Hoyles and the VBSO. Nurse Hoyles is not a VBSO employee, she is an employee of an independent third-party medical subcontractor. There is no evidence that Nurse Hoyles informed any VBSO employee of Plaintiff's desire to file a lawsuit or request to view the videos. In fact, she cleared him for transport to another jail. Further, the only evidence of the Plaintiff's request is buried in the medical records never seen by the VBSO employees. *See* Richie Dep., Doc. No. 156-2 at 54; Medical Records, Doc. No. 163-1 at 1 ("Inmate stated he was upset and expressed his interest in viewing the videos for a lawsuit against those involved in the incident."). The mere fact that Plaintiff's request to view the videos was buried in Nurse Hoyles' notes is utterly insufficient to prove that the VBSO was on notice of possible litigation because inmate medical records are maintained separately by the subcontractor, not the VBSO. *See* Excerpt from Richie Dep., Doc. No. 156-2 at 52-53. HIPAA prevents the VBSO employees from having access to private medical records. *See Longmire v. McCoole*, 2017 U.S. Dist. LEXIS 197573, at *5 (E.D. Va. Nov. 29, 2017) ("Because of HIPAA, correctional officers . . . are not privy to inmates' medical or mental health records").

VBSO reviewed Plaintiff's medical records *for the first time* after the lawsuit had been filed, which was long after the incident and automatic deletion thirty days later. *See* Excerpt from Richie Dep., Doc. No. 156-2 at 52-53. Unaware of the contents of the medical records, and in the absence of a written/oral grievance from Plaintiff communicated to VBSO, VBSO did not

download the video because "there was no inmate complaint, no violation of the use of force policy and no evidence of excessive force." Richie Aff., Doc. No. 156-1 at 2.

Second, although the sergeant may have been in the room at some point when Nurse Hoyles treated Plaintiff, there is no evidence that the sergeant was in the room when Plaintiff made his request to view the videos or that the sergeant heard Plaintiff's request. Nurse Hoyles' notes do not indicate when Plaintiff informed Nurse Hoyles of Plaintiff's request to view the videos and do not indicate whether the sergeant was in the room when Plaintiff made the request. *See* Doc. No. 163-1 at 1-2. The only reference to the sergeant in Nurse Hoyles' notes is "Inmate helped to a standing position by Sgt Ulrich and floor deputy and was seated in wheelchair for transport to medical office." *Id.* There is thus no evidence that the sergeant knew of Plaintiff's request to view the videos.

Plaintiff's claim that "there is uncontradicted evidence that the complaint was made in the presence of a VBSO sergeant" is misleading because Plaintiff's "complaint" of needing "treatment/hospital" is separate and distinct from Plaintiff's request for videos. Doc. No. 163 at 2. By Plaintiff's own account, Plaintiff states that he told the nurse and sergeant "in medical" that he needed "treatment/hospital." Original Complaint, Doc. No. 1 at 5; First Amended Complaint, Doc. No. 10 at 5; Excerpt of Goodman Dep., Doc. No. 163-4 at 131-33. These sources ***only*** indicate that the sergeant knew of the treatment/hospital "complaint" and there is no evidence the sergeant heard or knew about Plaintiff's request to view the videos. Plaintiff has the burden of proving the factual issue of whether the sergeant heard Plaintiff's request to view the videos. Without any other evidence, such as testimony from Nurse Hoyles or the sergeant, both of whom Plaintiff failed to depose, Plaintiff has failed to meet his burden of proof.

Therefore, the VBSO was not aware whatsoever of Plaintiff's interest in filing a lawsuit or request to view the videos and thus had no reason to anticipate litigation until the lawsuit was filed.

### B. The Mere Use of Some Minimal Force by Defendants Against Plaintiff Did Not Reasonably Trigger the Possibility of Litigation.

The relative use of force is not the operative standard to assess whether spoliation has occurred. Rather, the duty to preserve is only triggered "in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (citing *West v. Goodyear Tire Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). "[T]he 'standard reasonableness framework' [generally] require[s] a party to suspend its routine practices and put in place a 'litigation hold' to ensure the preservation of relevant documents and information." *Sines v. Kessler*, 2021 U.S. Dist. LEXIS 204142, at *13 (W.D. Va. Oct. 22, 2021) (internal quotations and citations omitted). Beyond a litigation hold, the foreseeability of litigation is fact-specific and "[w]hether a party reasonably should have taken additional or specific steps to preserve lost ESI may depend on the party's resources, technological sophistication, or familiarity with litigation generally." *Id.*; *Steves & Sons, Inc.*, 327 F.R.D. at 105.

There was never a litigation hold, so the duty to preserve was only triggered if litigation was reasonably foreseeable. *See* Ex. 1 (Additional Excerpt from Richie Dep.) at 56-57. But litigation initiated by Plaintiff was not reasonably foreseeable solely based on the use of a low level of force, which was reasonable and no greater than necessary to ensure compliance. Ex. 2 (Expert Report of Scott H. Barlow) at 5; *see Estate of Armstrong v. Vill. of Pinehurst*, 810 F.3d 892, 901 (4th Cir. 2016) ("Noncompliance with lawful orders justifies some use of force, but the level of justified force varies based on the risks posed by the resistance").

There was no complaint by the inmate at the time" of the incident. Richie Aff., Doc. No. 156-1 at 1. The VBSO supervisors reviewed the footage and incident reports and found no improper force. *See id.* Given VBSO's high level familiarity with excessive force lawsuits, VBSO's conclusion that no excessive force occurred is credible, reasonable, and support by expert testimony. *See* Ex. 2 at 5. Coupled with the absence of any grievance from Plaintiff, Defendants did not reasonably foresee litigation.

**C. The Plaintiff's Request for Sanctions is Inappropriate and Overly Punitive.**

While Defendants contend sanctions are appropriate under the facts of this case; if the Court does find spoliation, the only potentially appropriate sanctions are limiting instructions. The "requested relief of monetary damages and an adverse inference instruction are overly punitive and should not be granted." *Muhammad v. Mathena*, 2016 U.S. Dist. LEXIS 171048, at *27-28 (W.D. Va. Dec. 12, 2016). Defendants should not be "sanctioned in a manner that unduly punishes them for spoliation that they did not personally commit." *Id.*

The only potentially appropriate sanction would be limiting instructions, such as the limiting instructions in *Johns v. Gwinn*. 503 F. Supp. 3d 452, 474 (W.D. Va. 2020) (imposing only sanctions of limiting jury instruction that officers' viewing of videos is less credible because it was deleted due to no fault of their own).

Further, where there is a substantial "question about how probative the video" would be and there is a "lack of intent" to destroy the video, a limiting instruction "rather than an adverse inference instruction, is appropriate." *Muhammad*, 2016 U.S. Dist. LEXIS at *28-29. Accordingly, the Court should not impose sanctions for spoliation the Defendants did not personally commit.

## CONCLUSION

For these reasons, Defendants respectfully request this Court to deny Plaintiff's Motion for Sanctions Pursuant to Rule 37(e).

                              C. HAYES,
                              T. MOISETT
                              C. REPASS
                              Z. DIGGS

By: _____/s/_____
                Of Counsel

Jeff W. Rosen, Esq. VSB No. 22689
Lisa Ehrich, Esq. VSB No. 32205
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone: (757) 490-6293
Fax:    (757) 497-1914
jrosen@pendercoward.com
lehrich@pendercoward.com
*Counsel for Hayes, Moisett, Repass & Diggs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2021, I will electronically file the foregoing ***Supplemental Brief in Opposition to Plaintiff's Motion for Sanctions Pursuant to Rule 37(e)*** with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

Lauren M. Cassady, Esq. (VSB #92149)
Philip A. Sechler, Esq. (DCB #426358)
Robbins, Russell, Englert,
Orseck & Untereiner LLP
2000 K Street, N.W., 4th Floor
Washington, D.C. 20006
Phone: (202) 775-4500
Fax:    (202) 775-4510
lcassady@robbinsrussell.com
psechler@robbinsrussell.com
*Counsel for Plaintiff*

                                                                  /s/
                                       Jeff W. Rosen, Esq., VSB #22689
                                       PENDER & COWARD, PC
                                       222 Central Park Avenue
                                       Virginia Beach, VA 23462
                                       Phone: (757) 490-6293
                                       Fax:    (757) 497-1914
                                       jrosen@pendercoward.com
                                       *Counsel for Hayes, Moisett, Repass & Diggs*