UNITED STATES DISTRICT COURT
FOR THEEASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| DAVID GRAHAM GOODMAN | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No.:  1:13cv540 |
| | : | |
| KENNETH W. STOLLE, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S
EXPERT WITNESS DORA B. SCHRIRO**

COME NOW Curtis Hayes, Todd Moissett, Crystal Repass, and Zachary Diggs ("Defendants"), by counsel, and hereby submit this Memorandum of Law in Support of Defendants' Motion *in Limine* to Exclude Plaintiff's Expert Witness Dora B. Schriro. For the reasons outlined below, the Defendants request this Court to exclude the entire testimony of Plaintiff's expert witness, Dora B. Schriro ("Schriro").

## I. INTRODUCTION

In his Amended Complaint, plaintiff claims that Defendants' use of excessive force, resulting in injuries, violated his right to be free from cruel and unusual punishment under the Eight Amendment. In an effort to prove the foregoing claim against the Defendants, plaintiff retained an expert witness, Dora B. Schriro ("Schriro"). On October 8, 2021, plaintiff submitted his expert disclosures, including an expert report from Schriro (the "Report"). *See* Ex. 1. Schriro goes through the force used by each of the Defendants and ultimately presents the following opinions:

(1) Defendants Hayes, Moissett, Diggs, and Repass all used unnecessary and inappropriate force that was greater than needed to maintain control

    of Mr. Goodman. Defendants failed to act in accordance with the standards for use of force with which I am familiar, based on my experience. They also failed to act in accordance with the VBSO policies and training materials that I have reviewed. ("Reasonable Force Opinion")

 (2) The force that Defendants used seriously injured Mr. Goodman. He continues to suffer severe pain in his left hand, right shoulder, neck, and back, and his mobility has been greatly impaired. ("Medical Opinion")

 For the reasons set forth below, Schriro does not present a valid, admissible opinion and, therefore, must be excluded from trial.

## II.  ARGUMENT

 This Honorable Court should prohibit the Plaintiff's expert witness from offering her Reasonable Force Opinion and her Medical Opinion.  Rule 702 of the Federal Rules of Evidence requires that expert testimony "assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  The Supreme Court has held that "this condition goes primarily to relevance." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 591 (1993). Expert testimony that is not relevant to any issue in the case is not helpful to a jury. *See id.* (*quoting* 3 Jack B. Weinstein & Margaret Berger, Weinstein's Evidence § 702[02], pp. 702-18 (1988)). Federal Rule of Evidence 401 defines "relevant evidence" as evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401. Schriro's Reasonable Force Opinion should be excluded as it is not relevant to any issue in this case and, accordingly, would not assist the trier of fact.  Further, Schriro is not qualified to provide her Medical Opinion.

A.   **Schriro's Reasonable Force Opinion Should be Excluded Because It Is Irrelevant and It Will Not Assist the Trier of Fact.**

The relevant issues in this case are defined by the applicable law.  In order to establish his claims against the Defendants, the Plaintiff must demonstrate first, objectively, that the deprivation of a basic human need was sufficiently serious, and second, subjectively, that the prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).  In an excessive force claim, the Court must consider: (1) the objective nature of the force used and the resulting harm and (2) the subjective intent of the officers. *Hudson v. McMillian,* 503 U.S. 1, 8 (1992).  While the objective component of the inquiry is "contextual and responsive to 'contemporary standards of decency' . . . when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Id.* at 8-9 (internal citation omitted).  Thus, the Court must address whether the force applied was "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and must balance the need for the application of force, the relationship between the need and the amount of force actually applied, and the extent of injury inflicted. *Id.* at 6-7.

Here, Schriro's opinion that the Defendants "all used unnecessary and inappropriate force that was greater than needed to maintain control of Mr. Goodman" is not relevant because it seeks to substitute the expert's opinion for that of the jury.  No "specialized knowledge" is necessary to determine reasonableness. *See Kopf v. Skyrm,* 993 F.2d 374, 379 (4th Cir. 1993); *see also Valladares v. Cordero***,** *2007 WL 2471067, (E.D.Va. Aug. 27, 2007*), *aff'd,* 552 F.3d 384 (4th Cir.2009).  The Fourth Circuit has held that "in an excessive force case, the relevant standard of conduct used to assess reasonableness 'is not defined by the generic - a reasonable person - but

rather by the specific - a reasonable officer.'" *Clem v. Corbeau*, 98 Fed. Appx. 197, 201 (4th Cir. 2004) (quoting *Kopf v. Skyrm*, 993 F.2d 374, 378 (4th Cir. 1993)). Therefore, "the reasonableness inquiry in an excessive force case can involve 'specialized knowledge,' which an expert witness can assist the jury in understanding." *Id.* (referencing Fed. R. Evid. 702). Because a reasonable officer's knowledge and training is different than that of a reasonable person, the Fourth Circuit has held that it is an abuse of discretion to "exclud[e] expert testimony 'as to the prevailing standard of conduct for the use' of .. 'specialized tools' of police work." *Id.* (quoting *Kopf*, 993 F.2d at 379). However, when the testimony is limited to the question of the reasonableness of force in a particular case and does not to "provid[e] specialized knowledge on 'obscure skills,'" it is not an abuse of discretion for the trial court to exclude it. *Id.*

Schriro's proposed expert testimony is being offered only to attempt to show that the Defendants did not act as reasonable officers act in the circumstances of the incident. It in no way relates to any "specialized knowledge." *Id.* Schriro fails to even account for the Defendants' version of the events. She simply wishes to tell the jury that the Plaintiff's version of events is what happened. Schriro's proposed testimony merely gives her "particular interpretations of the contested facts, as to the reasonableness of [Defendants'] use of force" and, therefore, is improper, because it risks "'supplanting a jury's independent exercise of common sense' and its role of determining the facts." *Id.* (quoting *Kopf*, 993 F.2d at 377). Accordingly, Schriro's Reasonable Force Opinion should be excluded from trial.

**B.    Schriro's Medical Opinion Should be Excluded Because Schriro is Not an Expert in This Area and His Opinion, Therefore, is Not Reliable or Relevant.**

As a threshold matter, a witness must be qualified as an expert. A witness may be qualified as an expert by knowledge, skill, experience, training, or education. FED. R. EVID. 702. The

expert must possess a special skill, knowledge, or experience concerning the particular issue before the court. *See Oglesby v. General Motors Corp.*, 190 F.3d 244, 247-48 (4th Cir. 1999) (stressing that an expert must have specialized skills, knowledge, and experience in the particular field at issue, and experts cannot necessarily offer an expert opinion in a field that is even related to the field in which they possess expertise). The expert opinion must be based on this specialized knowledge and not on "belief or speculation." *Oglesby*, 190 F.3d at 250 (citation omitted).

Here, Schriro is not qualified to provide an opinion about medical causation or the plaintiff's medical condition. Schriro wishes to opine that Defendants "seriously injured Mr. Goodman," and Goodman "continues to suffer severe pain in his left hand, right shoulder, neck, and back, and his mobility has been greatly impaired." Schriro, however, is not a medical doctor. He is not an expert in this area. Accordingly, Schriro is not qualified to provide expert opinions on medical causation and the plaintiff's medical conditions in this case. Accordingly, Schriro's Medical Opinion should be excluded from trial.

### III.   CONCLUSION

For the reasons set forth herein, the Defendants submit that this Honorable Court must exclude the entire testimony and expert opinions of Dora B. Schriro because she is not qualified as an expert in this case and her proffered opinions are unreliable and irrelevant.

C. HAYES
T. MOISSETT
C. REPASS
Z. DIGGS

By: _____/s/_____
            Of Counsel

Jeff W. Rosen, Esq. VSB No. 22689
Lisa Ehrich, Esq. VSB No. 32205
Jeffrey A. Hunn, Esq., VSB No. 45487
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone: (757) 490-6293
Fax:    (757) 497-1914
jrosen@pendercoward.com
lehrich@pendercoward.com
jhunn@pendercoward.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2021, I will email a true copy of the foregoing ***Memorandum of Law in Support of Defendants' Motion in Limine to Exclude Plaintiff's Expert Witness Dora B. Schriro*** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Lauren M. Cassady, Esq. (VSB #92149)
Philip A. Sechler, Esq. (DCB #426358)
Robbins, Russell, Englert,
Orseck & Untereiner LLP
2000 K Street, N.W., 4th Floor
Washington, D.C. 20006
Phone: (202) 775-4500
Fax:    (202) 775-4510
lcassady@robbinsrussell.com
psechler@robbinsrussell.com
*Counsel for Plaintiff*

          _____/s/_____
          Jeff W. Rosen, Esquire, VSB # 22689
          Pender & Coward
          222 Central Park Avenue
          Virginia Beach, Virginia  23462
          (757) 490-6253
          (757) 497-1914
          jrosen@pendercoward.com
          *Counsel for Defendants*